**Eldridge LOVELACE**

v.

**ATTORNEY GENERAL OF ILLINOIS.**

No. 89 C 3323.

United States District Court,
N.D. Illinois, E.D.

Aug. 6, 1990.

Eldridge Lovelace, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondent.

### ORDER

BUA, District Judge.

In April 1989 Petitioner Eldridge Lovelace filed this action seeking a writ of habeas corpus. Respondent, the Attorney General of the State of Illinois, moved to dismiss Lovelace's petition shortly after it was filed. On May 22, 1989, this court granted the motion to dismiss. The court found that jurisdiction over the petition was lacking because Lovelace's parole had ended on August 11, 1986, and his period of supervised parole had been terminated on August 5, 1987.

Lovelace appealed. He argued that this court had jurisdiction over his petition because he was under parole supervision until August 5, 1989, not August 5, 1987, as this court had determined. In an unpublished order dated March 27, 1990, the Seventh Circuit vacated this court's May 22 order and remanded the case. 899 F.2d 16. The court ruled that Lovelace was entitled to a reasonable opportunity to respond to the respondent's assertions regarding the date his parole supervision was terminated. The court stated that "judicial resources could have been conserved had the district judge given Lovelace an opportunity to reply."

On April 27, 1990, after receiving the case on remand, this court issued an order requiring Lovelace to reply to respondent's original motion to dismiss by May 29, 1990. Lovelace filed no reply. Instead, on May 30, 1990, he filed a motion requesting a 60–day extension. The court granted that motion, allowing Lovelace until August 1, 1990, to file his reply. Lovelace, however, has again failed to answer the respondent's motion. On August 3, 1990, he again filed a motion requesting an additional 60–day extension. This motion is an exact replica of his previous motion for an extension of time, including the statement that he has "just retained a paralegal to assist him in preparing his answer." In light of Lovelace's boilerplate excuses supporting his motion for an extension, the court finds no justification for granting Lovelace additional time to file a reply. Moreover, as Lovelace has twice failed to file a reply within the required time, this court sees no reason to waste further judicial resources on this case. Lovelace has been provided with more than ample opportunity to reply to respondent's motion, and he has failed to produce any evidence to rebut the conclusion that his parole supervision ended on August 5, 1987. Accordingly, Lovelace's motion for an extension of time is denied, and his petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

IT IS SO ORDERED.